ALD-143                                                    NOT PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 12-1185

_____

MARILYN KENT,  Appellant

v.

MR. JOHN VINCEGUERRA; MRS. KATHLEEN VINCEGUERRA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 11-cv-07790)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 29, 2012

Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: April 13, 2012)

_____

OPINION

_____

PER CURIAM.

Marilyn Kent appeals pro se and in forma pauperis from the United States District

Court for the Eastern District of Pennsylvania's order dismissing her complaint.  Because

this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

I.

In December 2011, Kent filed a motion to proceed in forma pauperis in the District Court. Her complaint against John and Kathleen Vinceguerra was entered on the District Court's docket on January 4, 2012, the same day that the District Court issued an order granting Kent's motion to proceed IFP and dismissing her complaint pursuant to 28 U.S.C. § 1915(e).

Kent's complaint asserted that she had leased several horse stalls from the defendants in July 2004. Her complaint stated that the defendants violated several criminal statutes when, in early 2005, the defendants notified her that she must move her horses by the end of January 2005. Thereafter, they "chain[ed] the entrance of the barn area" so that she was unable to care for her horses. Kent stated she reported the incident to the local police and the Society for the Prevention of Cruelty to Animals ("SPCA"). She stated that it took three days for the SPCA to "act" and that at that point, her horses had not been fed for several days and were dehydrated, starving, and had been tortured by the defendants. She asserted that no charges were filed against the defendants for "attempted murder of [her] three horses." She states that the damage to one of her horses was so severe as to prevent her from breeding. Due to these acts, Kent asserts that the defendants violated several criminal statutes, discriminated against her based upon her sex and status as a Native American, and breached their contract with her.

2

In the District Court's order dismissing the complaint, it explained that Kent, as a private citizen, did not have the right to bring a criminal case against the defendants nor could she proceed on a civil cause of action based on federal criminal laws. Additionally, she could not bring a breach of contract action under the District Court's diversity jurisdiction because she and the defendants are Pennsylvania residents.

Kent now appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915(e)(2) is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm the District Court on any basis that finds support in the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

If a complaint is vulnerable to dismissal, a district court generally must first permit the plaintiff to file a curative amendment. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (observing that in civil rights cases, "leave to amend must be granted sua sponte before dismissing" the complaint). However, dismissal without leave to amend is justified on grounds of bad faith, undue delay, prejudice, or futility. Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004).

Here, the District Court did not err in dismissing the complaint without providing Kent with an opportunity to amend her complaint, because any such amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). It is

3

apparent from the face of the complaint that the allegations, to the extent that they even constituted actionable claims, were time-barred. Although the statute of limitations is an affirmative defense, a court may sua sponte dismiss a complaint where the defense is obvious from the complaint and no further development of the record is necessary. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

In this case, the events that gave rise to the complaint occurred in 2005. Kent did not, however, file her federal cause of action until 2011. To the extent that she sought to raise a breach of contract or tort claim due to the injuries to her horses, those claims are subject to statutes of limitations of two and four years, respectively. See 42 Pa. Cons. Stat. Ann. § 5525 (breach of contract claims); 42 Pa. Cons. Stat. Ann. § 5524(7) (tort claims). In addition, insofar as Kent sought to raise any type of civil rights claim, such a claim is subject to Pennsylvania's two-year statute of limitations for personal injury claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000); 42 Pa. Cons. Stat. Ann. § 5524(7). Accordingly, it is apparent from the face of the complaint that the statutes of limitations expired well before Kent filed suit in federal court.

Finally, the District Court correctly concluded that Kent cannot bring any type of criminal claim against the defendants, as private persons do not have a "judicially cognizable interest in the prosecution . . . of another." See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

4

For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the District Court's judgment.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.